Yitai Hu (SBN 248085)
NORTON ROSE FULBRIGHT US LLP
555 California Street Suite 3300
San Francisco, CA 94104
Tel:    (628) 231-6808
Fax:    (628) 231-6799
yitai.hu@nortonrosefulbright.com

Charles B. Walker, Jr. (*pro hac vice* to be filed)
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:    (713) 651-5151
Fax:    (713) 651-5246
charles.walker@nortonrosefulbright.com

Valerie K. Barker (*pro hac vice* to be filed)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel:    (512) 536-3073
Fax:    (512) 536-4598
valerie.barker@nortonrosefulbright.com

*Attorneys for Plaintiff Zhuhai CosMX Battery Company, Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Zhuhai CosMX Battery Company, Limited<br><br>    Plaintiff,<br><br>v.<br><br>Ningde Amperex Technology Limited,<br><br>    Defendant. | Civil Action No.  3:22 cv 4510<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Zhuhai CosMX Battery Company, Limited ("CosMX" or "Plaintiff"), for its complaint against Defendant Ningde Amperex Technology Limited (collectively "ATL" or

"Defendant") alleges as follows:

## NATURE OF ACTION

1. CosMX brings this action seeking a declaratory judgment that the CosMX lithium ion battery products, including but not limited to those for use in electronic devices such as laptops, smartphones, and tablets (collectively referred to as the "CosMX Products") do not infringe any of the following patents (collectively referred to as the "Asserted Patents"):

   a. U.S. Patent No. 10,833,363 ("the '363 Patent," attached as Exhibit 1), and

   b. U.S. Patent No. 10,964,987 ("the '987 Patent," attached as Exhibit 2).

2. CosMX seeks declaratory judgment that it has not infringed, induced others to infringe, or contributed to the infringement by others under 35 U.S.C. § 271 (or any subsection thereof) of the Asserted Patents.

3. CosMX further seeks declaratory judgment that CosMX's customers have not infringed and do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents based on their purported making, sale, offer for sale, importation, and/or use of CosMX's products based on their purported making, using, importing, offering to sell, or selling products and/or services that include CosMX's products.

4. CosMX also seeks to enjoin Defendant and its officers, employees, and agents from (1) alleging that CosMX or its customers infringe the Asserted Patents; (2) taking any action to suggest that CosMX or its customers require a license from Defendant for use of the Asserted Patents; or (3) pursuing infringement actions against CosMX's customers on the basis of those customers' making, sale, offer for sale, importation, and/or use of CosMX's lithium ion battery products, or on the basis of their making, using, importing, offering to sell, or selling products and/or services that include CosMX's lithium ion battery products.

5. CosMX seeks this necessary relief because there is a real and substantial risk that ATL will imminently file a lawsuit against the CosMX Products for infringement of the Asserted

Patents. ATL has accused CosMX of patent infringement as part of its efforts to license its patents to CosMX. Recently, ATL sued CosMX for patent infringement on two different patents in the Eastern District of Texas after sending CosMX a letter accusing CosMX of infringing those patents. Now, ATL identified the Asserted Patents in a separate letter to CosMX, creating a real threat that ATL will imminently sue CosMX or its customers for infringement.

6. ATL's allegations have cast inappropriate uncertainty over CosMX and the CosMX Products and have created a concrete and immediate justiciable controversy between CosMX and Defendant.

7. ATL's allegations against CosMX Products lack merit. CosMX does not infringe any claim of the Asserted Patents. The CosMX Products do not infringe any claim of the Asserted Patents. Nor do CosMX's customers infringe any claim of the Asserted Patents through their making, using, importing, offering to sell, or selling products and/or services that include the CosMX Products. Accordingly, CosMX brings this case to clear its name and that of the CosMX Products, and to protect is customers against meritless claims of infringement.

8. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201–2202 between CosMX and ATL as to whether CosMX is infringing or has infringed the Asserted Patents.

**PARTIES**

9. Plaintiff CosMX is a Chinese corporation having a principal place of business at No. 209, Zhufeng Road, Doumen District, Zhuhai 519180, P.R. China.

10. Upon information and belief, Defendant Ningde Amperex Technology Limited is a Chinese corporation with a principal place of business at No.1 Xingang Road, Zhangwan Town, Jiaocheng District, Ningde City, Fujian Province, P.R. China. Upon information and belief, Defendant is a wholly-own subsidiary of Amperex Technology Limited, located at 3503/F, 9

Haisheng Road, Tsuen Wan, Hong Kong, 3503, P.R. China, which itself is a wholly-owned subsidiary of TDK Corporation of Japan.

**JURISDICTION & VENUE**

11. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. and under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Because this action presents an actual controversy with respect to the noninfringement of the Asserted Patents, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. §§ 2201 and 2202.

13. This Court has personal jurisdiction over ATL by virtue of its sufficient minimum contacts with this forum based on business it conducts within the State of California, including in this judicial district.

14. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the California Long Arm Statute due at least to Defendant's substantial business in this forum, engaging in other persistent courses of conduct, initiating and participating in active litigation, including bringing claims of patent infringement, in California, and/or deriving substantial revenue from licensing its patents and from other goods and services provided to individuals in California and in this District.

15. Upon further information and belief, Defendant has also established minimum contacts with this District and regularly transacts and does business within this District, including advertising, promoting and selling products over the internet, through intermediaries, representatives and/or agents located within this District, including selling or having sold batteries and other Defendant products in the District.

16. Upon further information and belief, Defendant has purposefully directed

activities at citizens of California and located within this District.

17. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not a resident in the United States and thus may be sued in any judicial district.

18. Venue in this district is also proper per 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events giving rise to the claims in this action occurred in this District.

**FACTUAL BACKGROUND**

19. Founded in 2007, CosMX is the world leader in the lithium ion battery industry. CosMX is a top supplier of polymer lithium ion batteries and its customers include the world's top electronics companies. CosMX technology is found in the most well-known electronic products today, including top-selling smartphones, laptops, and tablets. CosMX is a champion for environmentally sustainable technology and builds life-cycle considerations into all of its products, including its industry-leading rechargeable lithium ion batteries. CosMX has devoted tremendous monetary and human resources into the research and development of lithium-ion batteries and has developed leading-edge technical technologies and know-how. In addition, CosMX has accumulated broad coverage in intellectual property protection of its products.

20. ATL approached CosMX in June 2021 via letter (Exhibit 3). In its letter, ATL alleged that the CosMX Products infringe ATL's patents, specifically the '987 Patent, U.S. Patent No. 10,541,441, and U.S. Patent No. 10,971,706. ATL offered to engage in discussions to resolve the matter.

21. On June 21, 2022, ATL sent another letter (Exhibit 4) to CosMX, alleging infringement of U.S. Patent Nos. 10,971,706 and 11,329,352.

22. On June 24, 2022 ATL brought a lawsuit against CosMX in the Eastern District of

Texas alleging infringement of U.S. Patent Nos. 10,971,706 and 11,329,352 by CosMX's lithium ion battery products. *See Ningde Amperex Tech. Ltd. v. Zhuhai CosMX Battery Co., Ltd.*, Case No. 2:22-cv-00232-JRG (E.D. Tex.).

23. On August 2, 2022, ATL sent a third letter to CosMX (Exhibit 5), alleging infringement of the Asserted Patents by CosMX Products.

24. Consequently, CosMX has a reasonable apprehension, and there exists a substantial risk, that Defendant will imminently file an action against CosMX or its customers and allege that CosMX infringes directly and/or indirectly the Asserted Patents. ATL's claims and allegations have cast uncertainty over CosMX and its products and have created a concrete and immediate justiciable controversy between CosMX and Defendant. CosMX thus brings this case to clear its name and that of the CosMX Products, and to protect itself and its customers against meritless claims of infringement and against the disruptive impact of an uncertain lawsuit.

**COUNT I – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 10,833,363**

25. CosMX realleges and incorporates paragraphs 1 to 24 as if fully set forth herein.

26. Upon information and belief, Ningde Amperex Technology Limited is the owner of the '363 Patent, entitled "Electrolyte and electrochemical device." The '363 Patent issued on November 10, 2020. A true and correct copy of the '363 Patent is attached as Exhibit 1.

27. The CosMX Products do not infringe the '363 Patent under any sub-section of 35 U.S.C. § 271 because they do not meet all the claim limitations of any claim of the '363 Patent.

28. As an example, the weight percentage of dinitrile compound and the weight percentage of the trinitrile compound is less than 2 wt % in CosMX Products and therefore does not meet the requirement of all claims in the '363 Patent that "a weight percentage of the dinitrile compound is X and a weight percentage of the trinitrile compound is Y, where X and Y meet conditions represented by Formula (1) and Formula (2): about 2 wt %≤(X+Y)≤about 11 wt %."

29. CosMX has never had any intent to cause its customers or anyone else to infringe the '363 Patent.

30. An actual and justiciable controversy therefore exists between CosMX and ATL regarding whether any of the CosMX Products have infringed any of the claims of the '363 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '363 Patent.

31. CosMX seeks a judgment declaring that the CosMX Products do not directly or indirectly infringe any claims of the '363 Patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271 or any sub-section thereof.

32. CosMX further seeks and is entitled to a declaratory judgment that its customers do not and have not infringed under 35 U.S.C. § 271 or any sub-section thereof any claim of the '363 Patent by using the CosMX Products.

### COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,964,987

33. CosMX realleges and incorporates paragraphs 1 to 32 as if fully set forth herein.

34. Upon information and belief, Ningde Amperex Technology Limited is the owner of the '987 Patent, entitled "Separator and Energy Storage Device." The '987 Patent issued on March 30, 2021. A true and correct copy of the '987 Patent is attached as Exhibit 2.

35. The CosMX Products do not infringe the '987 Patent under any sub-section of 35 U.S.C. § 271 because they do not meet all the claim limitations of any claim of the '987 Patent.

36. As an example, the CosMX Products do not include a porous layer and therefore do not meet the requirement of every claim of the '987 Patent that require "a porous layer arranged on a surface of the porous substrate."

37. CosMX has never had any intent to cause its customers or anyone else to infringe the '987 Patent.

38. An actual and justiciable controversy therefore exists between CosMX and ATL regarding whether any of the CosMX Products have infringed any of the claims of the '987 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '987 Patent.

39. CosMX seeks a judgment declaring that the CosMX Products do not directly or indirectly infringe any claims of the '987 Patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271 or any sub-section thereof.

40. CosMX further seeks and is entitled to a declaratory judgment that its customers do not and have not infringed under 35 U.S.C. § 271 or any sub-section thereof any claim of the '987 Patent by using the CosMX Products.

## JURY DEMAND

41. Plaintiff CosMX demands a trial by jury in this matter.

## REQUEST FOR RELIEF

WHEREFORE, CosMX respectfully requests the Court enter judgment in its favor and against Defendant as follows:

A. Declare that neither CosMX nor the CosMX Products have infringed or do infringe under 35 U.S.C. § 271 or any sub-section thereof any claim of the Asserted Patents;

B. Declare that CosMX's customers' products and/or services have not infringed and do not infringe under 35 U.S.C. § 271 or any sub-section thereof any claim of the Asserted Patents based on their purported use of the CosMX Products;

C. Enjoin Defendant and its officers, employees and agents from (a) alleging that CosMX or its customers infringe the Asserted Patents based on their making, using, selling, offering for sale, or importing any of the CosMX Products; and (b) taking any action to suggest that CosMX or its customers require a license from Defendant under any Asserted Patent based

on their making, using, selling, offering for sale, or importing any CosMX Product.

D.  Declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

E.  Award CosMX its costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Award CosMX such other and further relief as the Court deems just and proper.


Dated:  August 4, 2022

By:  */s/ Yitai Hu*
Yitai Hu (SBN 248085)
NORTON ROSE FULBRIGHT US LLP
555 California Street Suite 3300
San Francisco, CA 94104
Tel:     (628) 231-6808
Fax:    (628) 231-6799
yitai.hu@nortonrosefulbright.com

Charles B. Walker, Jr. (*pro hac vice* to be filed)
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:     (713) 651-5151
Fax:    (713) 651-5246
charles.walker@nortonrosefulbright.com

Valerie K. Barker (*pro hac vice* to be filed)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel:     (512) 536-3073
Fax:    (512) 536-4598
valerie.barker@nortonrosefulbright.com

Attorneys for Plaintiff
ZHUHAI COSMX BATTERY
COMPANY, LIMITED